# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LAKESIA BRIGHTHAUPT, *et al.*,

    **Plaintiffs,**

        **v.**                        **Civil Action No. 13-1294 (JMF)**

**DISTRICT OF COLUMBIA,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

This case was referred to me for all purposes. Currently pending and ready for resolution are 1) <u>Plaintiffs' Motion for Summary Judgment</u> [#14], and 2) <u>Defendant's Opposition to Plaintiffs' Motion for Summary Judgment and Cross-Motion for Summary Judgment</u> [#16].

## INTRODUCTION

Plaintiffs in this case are 1) Lakesia Brighthaupt and her child, J.B.; 2) Monica Browne and her child, M.Y.; and 3) Ja'Quelle Yeager and her child, J.Y. <u>Complaint</u> [#1] ¶¶ 2-4. The defendant is the District of Columbia, which operates the District of Columbia Public Schools system ("DCPS"). [#1] ¶ 5. In this action, plaintiffs seek an award of attorney's fees under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.* ("IDEA").[1]

On December 11, 2012, an administrative due process hearing under the IDEA was held as to J.B. [#1] ¶ 8. On December 28, 2012, the Hearing Officer ("HO") issued a determination finding that Lakesia Brighthaupt and J.B. were prevailing parties. <u>Id.</u> On June 20, 2013, plaintiffs submitted a fee petition for $31,276. [#1] ¶ 9. The parties engaged in settlement discussions but

---

[1] All references to the United States Code or the District of Columbia Code are to the electronic versions that appear in Westlaw or Lexis.

were unable to agree on an amount. [#1] ¶ 10.   On August 27, 2013, plaintiffs filed the current complaint seeking the full amount originally claimed. [#1] ¶ 11.

On April 15, 2013, an administrative due process hearing under the IDEA was held as to M.Y. [#1] ¶ 12.   That same day, the HO issued a determination finding that Monica Browne and M.Y. were prevailing parties. Id.   On June 20, 2013, plaintiffs submitted a fee petition for $24,664. [#1] ¶ 13.   The parties engaged in settlement discussions but were unable to agree on an amount. [#1] ¶ 14.   On August 27, 2013, plaintiffs filed the current complaint seeking the full amount originally claimed. [#1] ¶ 15.

On April 3, 2013, an administrative due process hearing under the IDEA was held as to J.Y. [#1] ¶ 16.   On April 4, 2013, the HO issued a determination finding that Ja'Quelle Yeager and J.Y. were prevailing parties. Id.   On June 23, 2013, plaintiffs submitted a fee petition for $31,707. [#1] ¶ 17.   The parties engaged in settlement discussions but were unable to agree on an amount. [#1] ¶ 18.   On August 27, 2013, plaintiffs filed the current complaint seeking the full amount originally claimed. [#1] ¶ 19.

## DISCUSSION

I.   Standard of Review

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure, which states that "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

II.   Applicable Law

Pursuant to the IDEA, the Court "in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B).   The statute further provides that "[f]ees . . . shall be based on rates prevailing in the community in which the action or proceedings arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C).

According to the Supreme Court, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate" in order to arrive at the total or "lodestar" amount. Hensely v. Eckerhart, 461 U.S. 424, 433 (1983).   In the District of Columbia Circuit, "a fee applicant's burden in establishing a reasonable hourly rate entails a showing of at least three elements: the attorneys' billing practices; the attorneys' skill, experience, and reputation; and the prevailing market rates in the relevant community." Covington v. Dist. of Columbia, 57 F.3d 1101, 1107 (D.C. Cir. 1995).

III.     Analysis

A.      Plaintiffs were Prevailing Parties

Defendant does not contest plaintiffs' status as prevailing parties in this matter.   See generally [#16].   Thus, the only issue before the Court is whether the fees plaintiffs seek are reasonable.

B.      Plaintiffs' Counsel's Fees

1.      Houck's Billing Practices

Plaintiffs' counsel, Carolyn Houck, seeks an hourly rate of $435. [#14-13] at 2.

According to Houck, her hourly rates are slightly lower than those provided by the Laffey[2] matrix, which indicates that an hourly rate of $445 is appropriate for an attorney with her experience practicing in 2012-2013. Id.

2.     <u>Houck's Skill, Experience, and Reputation</u>

Houck was admitted to the Bar of the State of Maryland in 1997 and the Bar of the District of Columbia in 1998. [#14-13] at 2. She has specialized exclusively in special education law since 1997, representing "hundreds of clients in more than 1600 due process hearings or settlement agreements." Id.

3.     <u>Prevailing Market Rates</u>

Although use of the <u>Laffey</u> matrix to determine reasonable hourly rates in IDEA cases is not automatic, several judges of this Court have relied on it as an appropriate starting point for determining rates of reimbursement for attorneys who challenge the decisions of the DCPS. Where the issues are complex, the full <u>Laffey</u> rate has been awarded by some members of this Court.[3] <u>See</u> <u>A.S. v. Dist. of Columbia</u>, 842 F. Supp. 2d 40, 48-49 (D.D.C. 2012) (awarding <u>Laffey</u> rates upon finding that the hearing lasted four days, there were 105 proposed exhibits, there were ten witnesses, and the hearing officer's determination was 28 pages long); <u>Bucher v. Dist. of Columbia</u>, 777 F. Supp. 2d 69, 74 (D.D.C. 2011) (awarding <u>Laffey</u> rates upon finding that the hearing lasted four days, there were 42 proposed exhibits, and there were twenty one proposed witnesses); <u>Jackson v. Dist. of Columbia</u>, 696 F. Supp. 2d 97, 102 (D.D.C. 2010) (noting that an IDEA administrative proceeding that requires expert testimony is sufficiently complex to warrant application of the <u>Laffey</u> matrix).

---

[2] <u>Laffey v. Nw. Airlines, Inc.</u>, 572 F. Supp. 354 (D.D.C. 1983) <u>aff'd in part, rev'd in part</u>, 764 F.2d 4 (1984), <u>cert. denied</u>, 472 U.S. 1021 (1985).

[3] This is not to suggest that fees are not discounted on other grounds.

Where the issues are not complex, in that there are "no pre-hearing interrogatories or discovery, no production of documents or depositions, no briefings of intricate statutory or constitutional issues, no pre-trial briefings, no lengthy hearings, no protracted arguments, and few, if any, motions filed,"[4] some judges have concluded that use of the Laffey matrix is not appropriate, and instead, have awarded some fraction of the Laffey rate. See Cousins v. Dist. of Columbia, No. 11-CIV-172, 2012 WL 1439033, at *5 (D.D.C. Apr. 26, 2012) (awarding three-quarters of the Laffey rate because there was no evidence that the administrative hearing presented a novel legal issue or was in any way more complex than most hearings); Wright v. Dist. of Columbia, No. 11–CIV–384, 2012 WL 79015, at *4 (D.D.C. Jan.11, 2012) (awarding three-quarters of the Laffey rate because case involved a routine administrative proceeding and the time spent preparing for the hearing was nominal); Rooths v. Dist. of Columbia, 802 F. Supp. 2d 56, 63 (D.D.C. 2011) ("Like most IDEA cases, the claim on which the plaintiff prevailed in this action involved very simple facts, little evidence, and no novel or complicated questions of law . . . The Court therefore will award fees at an hourly rate equal to three-quarters of the USAO Laffey rate . . .").

Defendant argues that plaintiffs have failed to demonstrate that these three cases were, in any way, complex and that the full Laffey rate is unwarranted. [#16] at 6-9. Defendant argues instead that the Court should award three-fourths of the Laffey rate. Id. The Court agrees.

First, there is no evidence in these three cases that the issues were in any way complex. To the contrary, they appear to have proceeded in a fairly routine fashion, particularly for someone like Houck, who specializes in IDEA cases. In the case of Brighthaupt and J.B., plaintiffs filed a

---

[4] Agapito v. Dist. of Columbia, 525 F. Supp. 2d 150, 152 (D.D.C. 2007).

due process complaint, a resolution session was held, a pre-hearing conference was held, and then a due process hearing was held, where the HO heard the testimony of 11 witnesses. [#14-3] at 2-3, 11. In the case of Browne and M.Y., plaintiffs filed a due process complaint, several motions to dismiss were filed by DCPS, and a due process hearing was held. [#14-6] at 2. In the case of Yeager and J.Y., the parties participated in two prehearing conference, the last of which resulted in the entry of a consent order. [#14-1] at 9.

Second, as I noted previously, unless a party is prepared to support its argument with "statistical, economic, or other evidence to include, perhaps, expert testimony," there is no way to determine what rate reflects the actual market rate and "these cases [ ] become a meaningless exercise between plaintiffs, who will cite those cases that support use of the *Laffey* rate and the defendant, who will cite those that do not." Johnson v. Dist. of Columbia, 850 F. Supp. 2d 74, 79 (D.D.C. 2012). In other words, there is no reason to disturb the status quo unless and until reasoned alternatives are proposed:

> Until DCPS offers sufficient proof that its rates represent the true prevailing rates in this community and the Laffey rates represent an unreasonable windfall above what lawyers in IDEA cases actually charge their clients, they make use of the Laffey rates as a starting baseline inevitable. DCPS is yet to offer an alternative baseline and proof that it is an accurate measure of the rates that truly prevail in the community of lawyers who handle IDEA cases.

Moss v. Dist. of Columbia, No. 11-CIV-994, 2012 WL 4510682, at *3 (D.D.C. July 12, 2012).

Using the Laffey rates as a baseline and guided by the decisions that have diminished those rates as a function of the complexity of the case or the lack thereof, I conclude that an hourly rate of $333.75 (three-fourths of the Laffey rate of $445) strikes a fair balance between the burden on the public fisc and, in this case, the need to attract competent counsel to represent parties in

straight-forward IDEA cases.

C.      Calculation of Plaintiffs' Counsel's Attorney's Fees

1.      Lakesia Brighthaupt and J.B.

In accordance with the calculations in Court's Exhibit 1, plaintiffs are due $23,996.63 in attorney's fees for work performed on Brighthaupt and J.B.'s case.

2.      Monica Browne and M.Y.

In accordance with the calculations in Court's Exhibit 2, plaintiffs are due $18,923.63 in attorney's fees for work performed on Browne and J.B.'s case.

3.      Ja'Quelle Yeager and J.Y.

With respect to Yeager and J.Y.'s case, defendant contends that plaintiffs' counsel should not be reimbursed for time spent following defendant's offer of settlement. [#16] at 9. Plaintiffs contend that full reimbursement is due because the relief Yeager and J.Y. obtained after rejecting defendant's original settlement proposal was greater than what they would have obtained if they had accepted it. Plaintiffs' Reply to Defendant's Response in Opposition to Plaintiffs' Motion for Summary Judgment and Plaintiffs' Response in Opposition to Defendant's Cross-Motion for Summary Judgment [#17] at 10-11. Specifically, plaintiffs claim that they rejected the settlement offer it because it would have forced them to waive J.Y.'s rights to compensatory education. Id. at 11.

The IDEA provides in pertinent part as follows:

> Attorneys' fees may not be awarded and related costs may not be reimbursed in any action or proceeding under this section for services performed subsequent to the time of a written offer of settlement to a parent if—
>
> (I)      The offer is made within the time prescribed by Rule 68 of

the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins;

(II)     The offer is not accepted within 10 days; and

(III)    The court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement.

20 U.S.C. § 1415(i)(3)(D).

The statute further provides the following:

Notwithstanding subparagraph (D), an award of attorneys' fees and related costs may be made to the parent who is a prevailing party and who was substantially justified in rejecting the settlement offer.

20 U.S.C. § 1415(i)(3)(E).

In the case of Yeager and J.Y., defendant made a settlement offer on February 11, 2013. [#17-4]. The administrative due process hearing was held on April 3, 2013. Thus, the timing of defendant's settlement offer satisfies subsection (I). Subsection (II) is also satisfied because Yeager and J.Y. rejected the offer. [#17] at 11. The only issue, therefore, is whether the relief finally obtained by plaintiffs was more favorable than that originally proposed by defendant.

In making this determination, the Court notes that the key to its determination lies in its defining the term "relief finally obtained." Subsection (i) is captioned "Administrative procedures," and thus it follows that the provisions contained under subsection (i) relate solely to those events occurring at the administrative level. In other words, the relevant comparison in subsection (i)(3)(D)(III) is between the relief detailed in the HO's ruling versus the relief detailed in the offer of settlement. With this understanding of the statutory language, it is clear in this case that the relief finally obtained by Yeager and J.Y. *was not* more favorable than what DCPS

previously offered.   The following chart shows what each provided, although, as will be shown,

that is not the end of the story.

| | | Settlement Offer[5] | Consent Order Signed by HO[6] |
|---|---|---|---|
| 1. | Independent Occupational Therapy | To be obtained within 45 days of date of agreement and not to exceed $633.42. | Same |
| 2. | Physical Therapy | To be obtained within 45 days of date of agreement and not to exceed $395.60. | Same. |
| 3. | Speech and Language Therapy | To be obtained within 45 days of date of agreement and not to exceed $807.20. | Same. |
| 4. | Further Evaluation | Following completion of the above therapies, and new evaluation, and within 20 school days of receipt of new evaluation, DCPS to convene an IEP meeting and revise IEP if necessary. | Same. |
| 5. | Attorney's Fees | Not to exceed $300.00. | Not addressed in Order. |

Plaintiffs argue that the primary reason Yeager and J.Y. rejected the settlement offer was

because they would have been forced to forgo any and all rights J.Y. would have had to

compensatory education. [#17] at 10.   In support of their argument, plaintiffs point to paragraph 9

of the settlement agreement, which states the following:

> This Settlement Agreement is in full satisfaction and settlement of
> the pending complaint, SHO case # 2012-0810.   The Petitioner
> hereby fully releases and waives the claims asserted in the
> complaint or [that] could have been asserted, including any and all
> relief that does or could result from the claims, as of the date of this
> signed and fully executed SA.

[#17-4] at 3.

---

[5] [#17-4].
[6] [#17-5].

Plaintiff argues that had she signed the agreement she would have given up any right to have the new IEP that was created include compensatory education. The settlement agreement would appear only to have resolved the claims that had been made to that point and did not speak to whether, after new IEP's were created, the children would be entitled to compensatory education and, if they were, whether the settlement agreement precluded an award of compensatory education. Thus, a court or hearing officer would have to conclude that the agreement silently reached out to an event that had not occurred and would only occur if other conditions were fulfilled. Indeed, DSPS had to know that one consequence of the consent order it proposed might be the award of compensatory education in the new IEP. It could have easily demanded waiver of that right in specific terms but it did not. Its failure to be more specific would probably be held against it. In light of all of this, it might not be likely that the release would be construed to bar the IEP team from awarding the child compensatory education if it saw fit to award it.

Nevertheless, the release in the agreement is broad. Plaintiffs were said to "hereby fully release[ ] and waive[ ] the claims asserted in the complaint or [that] could have been asserted, including any and all relief that does or could result from the claims, as of the date of this signed and fully executed SA." It is certainly not inconceivable that the compensatory education, if awarded in the new IEP's, was relief that "could result from the claim made." Moreover, the claim for compensatory education had been made or could have been made and the release, DCPS would argue, therefore barred the IEP team from granting it.

At most, one could say that whether the release provision barred the claim for compensatory education raised a complicated legal issue as to which reasonable lawyers could

differ. I therefore cannot find, as I must, that the settlement agreement plaintiffs rejected was no more favorable than the relief awarded because there lingered unresolved whether that agreement barred the compensatory education plaintiffs ultimately secured.

Plaintiffs also argue that they were substantially justified in rejecting the settlement offer and therefore entitled to reimbursement for "services performed subsequent to the time of a written offer of settlement,"[7] because the settlement offer only provided for an award of $300 in attorney's fees. The Court agrees. As of February 11, 2013, the date of the settlement offer, plaintiffs' counsel had already worked 15.4 hours on the case. See Court's Exhibit 3 at 1-3. Thus, assuming the reasonableness of the hours spent to that point in the case, which defendant does not challenge, even at the lower reimbursement rate being allowed by the Court, plaintiffs would have received attorney's fees of $5,139.75 ($333.75 x 15.4) for that work. Yet, pursuant to the terms of the settlement offer, plaintiffs' counsel would have been compensated at an hourly rate of $2.00, which is well below minimum wage.[8]

Indeed, even though it offered only $300 in attorney's fees, defendant now argues that plaintiffs' counsel is entitled to $90 per hour, the rate awarded criminal defense lawyers. [#16] at 8. Using that rate, however, and multiplying it by the 15.4 hours plaintiffs' counsel worked on J.Y.'s case as of February 11, 2013, yields a fee of $1,386, which is 4.62 times more than the $300 originally offered. Indeed, at $90 per hour, the $300 offered in settlement would only have compensated plaintiffs' counsel for 3.3 hours of work.

More to the point, defendant is well aware that the judges of this court routinely award either the full Laffey rate or 75% of that rate in these cases. Defendant's offer of a flat fee of

---

[7] 20 U.S.C. §1415(i)(3)(E).
[8] Since July 24, 2009, the federal minimum wage has been $7.25 per hour. United States Department of Labor, http://www.dol.gov/dol/topic/wages/minimumwage.htm (last visited Mar. 20, 2014).

$300 is less than one hour's work for an attorney of plaintiffs' counsel's experience under either rate.   Defendant must have known that its offer of $300 in attorney's fees could not possibly satisfy plaintiffs' counsel.   Nor is it fair for DCPS to dismiss plaintiffs' rejection of the offer because it did not include adequate attorney fees as a red herring because the hearing officer did not award attorney fees.   But, there was no demand made of the hearing officer for attorney fees. As DCPS knows, its purpose in making an offer of attorney fees was to cut off resort to this Court for the fee if, as was inevitable, DCPS offered an amount of fees that was neither based on the Laffey rates or the 75% of Laffey awarded by some of the judges of this Court.   The $300 was so low that it could only be considered an insincere offer and an insincere offer should not trigger that cuts off of fees under the statute.   If it did, counsel for plaintiffs in these cases will be encouraged to continue to litigate fees in this Court since it is unlikely that this Court will consider a de minimis offer, out of all proportion to the work done, sufficient to trigger the statute.   On the other hand, a sincere and responsible offer, premised on an expectation of what plaintiffs' counsel may receive in this Court should cause counsel to think very hard about rejecting it even if it is not all that counsel hope to achieved by prosecuting a fee petition in this Court.

Awarding fees in these IDEA cases requires a careful balancing.   The Court needs to ensure that counsel in these cases are fairly compensated so that they will continue to take these cases and provide parents with the qualified counsel they need.   The Court also must appreciate the fact that municipal budgets for education are finite.   The clear intendment of the attorney's fees provision within the IDEA is to preclude fees for a lawyer who foolishly rejects a reasonable settlement offer then wastes everyone's time and money to achieve through litigation what she

could have achieved through settlement. An unreasonable offer does not advance those goals and it would be a pernicious and self-defeating interpretation of the IDEA to say that any offer of fees, no matter how unreasonable, must be accepted at the risk of losing all compensation from the date the settlement offer was made until the date the case is concluded. A fairer interpretation of the statute would be to say, as must be said here, that an offer of a mere pittance in attorney's fees does not trigger that section of the statute that precludes an award of attorney's fees for time spent on the case after the settlement offer was made if the plaintiff ultimately secures no more relief that that which was originally offered.

Plaintiffs were therefore substantially justified in rejecting the settlement offer based solely on the fact that defendant only offered $300 in attorney's fees for counsel's work on behalf of Yeager and J.Y.[9] Thus, in accordance with the calculations in Court's Exhibit 3, plaintiffs are due $24,196.88 in attorney's fees and $170.10 in costs for work performed on Yeager and J.Y.'s case.

In summary, the Court concludes that plaintiffs should be reimbursed as follows for work performed by Houck:

|  | Attorney's Fees | Costs | Total Amount Due |
|---|---|---|---|
| Lakesia Brighthaupt and J.B. | $23,996.63 | n/a | $23,996.63 |
| Monica Browne and M.Y. | $18,923.63 | n/a | $18,923.63 |
| Ja'Quelle Yeager and J.Y. | $24,196.88 | $170.10 | $24,366.98 |
| TOTAL DUE: |  |  | $67,287.24 |

For the reasons stated above, it is, therefore, hereby,

---

[9] See Gary G. v. El Paso Indep. Sch. Dist., 632 F.3d 201, 210 (5th Cir. 2011) ("[W]e do not hold that every plaintiff rejecting a settlement offer because it does not include such fees, is per se, not substantially justified in rejecting it.") (emphasis in original).

**ORDERED** that <u>Plaintiffs' Motion for Summary Judgment</u> [#14] is **DENIED**.   It is further, hereby,

**ORDERED** that <u>Defendant's Opposition to Plaintiffs' Motion for Summary Judgment and Cross-Motion for Summary Judgment</u> [#16] is **GRANTED** in part and **DENIED** in part.

**SO ORDERED.**


_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

| Date of Service | Description | Attorney | Hours Claimed | Hours Allowed | Hourly Rate Claimed | Hourly Rate Allowed | Costs | Total Allowed |
|---|---|---|---|---|---|---|---|---|
| 9/20/2012 | TC with mother who went to IEP meeting today for J. They refused to evaluate, despite her request. Mother said she was referred by social worker from DC agency. Discussed her legal rights if DCPS did not agree to evaluate and should have. Mother agrees she would like to meet and pursue legal case. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 9/20/2012 | Rec/rev IEP and meeting notes mother faxed to me. IEP is not based on any evaluations and [is] vague and not measurable. | CH | 0.6 | 0.6 | $435.00 | $333.75 | | $200.25 |
| 9/25/2012 | Meeting with client. Went through the records she brought and took an extensive educational history. Explained the legal process, and parent agreed to move forward, as I told her that she has a legal case against DCPS for not evaluating J for at least 6 years. | CH | 2 | 2 | $435.00 | $333.75 | | $667.50 |
| 10/2/2012 | Records request to DCPS and Kelly Miller. | CH | 0.5 | 0.5 | $435.00 | $333.75 | | $166.88 |
| 10/2/2012 | Refer case to educational consultant Twilah Anthony to assist in preparing case, including meeting with student [and] informal testing. | CH | 0.4 | 0.4 | $435.00 | $333.75 | | $133.50 |
| 10/5/2012 | Arrange to pick up records from Kelly Miller. | CH | 0.1 | 0.1 | $435.00 | $333.75 | | $33.38 |
| 10/5/2012 | Begin reviewing educational file from Kelly Miller. | CH | 1.6 | 1.6 | $435.00 | $333.75 | | $534.00 |
| 10/6/2012 | Rec/rev results of informal testing performed by educational consultant Twilah Anthony. J is very low in all areas, has muscular dystrophy and serious mobility issues. | CH | 0.5 | 0.5 | $435.00 | $333.75 | | $166.88 |
| 10/6/2012 | Continue reviewing file picked up from Kelly Miller, several IEPs, but no evaluations. | CH | 0.7 | 0.7 | $435.00 | $333.75 | | $233.63 |

| Date of Service | Description | Attorney | Hours Claimed | Hours Allowed | Hourly Rate Claimed | Hourly Rate Allowed | Costs | Total Allowed |
|---|---|---|---|---|---|---|---|---|
| 10/7/2012 | Continue reviwing file and developing educational history to include as background information in HR. No evaluations, but many progress reports and some discipline papers. | CH | 1.3 | 1.3 | $435.00 | $333.75 | | $433.88 |
| 10/10/2012 | Begin drafting HR for failure to evaluate and failure to develop adequate IEPs. | CH | 1 | 1 | $435.00 | $333.75 | | $333.75 |
| 10/11/2012 | Continue drafting HR, including researching statute requiring parent's signature if team determines not to evaluate student at triennial meeting. Parent is required to give consent in writing, otherwise DCPS is required to evaluate. | CH | 1 | 1 | $435.00 | $333.75 | | $333.75 |
| 10/12/2012 | Meet with parent to review HR and gain her approval, pending some minor changes. Went over educational history in detail. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 10/13/2012 | Complete HR. 31 factual allegations and 5 issues. | CH | 1.5 | 1.5 | $435.00 | $333.75 | | $500.63 |
| 10/15/2012 | File HR with SHO and OGC. | CH | 0.1 | 0.1 | $435.00 | $333.75 | | $33.38 |
| 10/17/2012 | Rec/rev hearing notice. Massey/Washington. | CH | 0.1 | 0.1 | $435.00 | $333.75 | | $33.38 |
| 10/18/2012 | Rec/rev initial order from HO. Calendar dates and instructions. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 10/25/2012 | Rec/rev DCPS response to HR, denies that DCPS has violated rights, even though there are no evaluations in his file. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 10/26/2012 | TC with mother to discuss DCPS response, which essentially states that the mother has not been truthful. Mother confirms again her statements and desire to go forward. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 11/13/2012 | Negotiate date for prehearing conf with HO and OGC. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 11/18/2012 | Prepare for participation in prehearing conference. | CH | 0.5 | 0.5 | $435.00 | $333.75 | | $166.88 |

| Date of Service | Description | Attorney | Hours Claimed | Hours Allowed | Hourly Rate Claimed | Hourly Rate Allowed | Costs | Total Allowed |
|---|---|---|---|---|---|---|---|---|
| 11/19/2012 | Participate in prehearing conference. | CH | 0.4 | 0.4 | $435.00 | $333.75 | | $133.50 |
| 11/19/2012 | Negotiate date for RM with OSE | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 11/21/2012 | Rec/rev PHO, certifying all issues requested. Note all requ[ire]ments for Petitioner to follow. | CH | 0.4 | 0.4 | $435.00 | $333.75 | | $133.50 |
| 11/27/2012 | Prepare mother for RM. | CH | 0.7 | 0.7 | $435.00 | $333.75 | | $233.63 |
| 11/28/2012 | Participate in RM. | TA | 0 | 0 | $435.00 | $333.75 | | $0.00 |
| 11/30/2012 | Review all documents from RM, including notes and disposition forms. | CH | 0.5 | 0.5 | $435.00 | $333.75 | | $166.88 |
| 11/30/2012 | Notify HO, at her request, of status of case following RM. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 11/30/2012 | Begin hearing preparation by reviewing all IEPs and talking with educational consultant to determine what evaluations we will need expert witnesses for. Determine we need an expert for every evaluation we are re[]questing. | CH | 1.5 | 1.5 | $435.00 | $333.75 | | $500.63 |
| 11/30/2012 | TC with Dr. Zeitlin requesting that she testify as an expert witness at DPH as to why updated evaluation is n[e]cessary. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 12/1/2012 | Contact Tracey Ellis. OT by phone to see if she will review file and testify as to why J requires[] an OT evaluation. Agrees to testify by phone. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 12/1/2014 | Contact Dr. Paleg, PT, by phone to see if she will be willing to testify at hearing as expert witness. Sent her file for her review. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 12/2/2012 | Begin preparing disclosures for DPH. | CH | 1.5 | 1.5 | $435.00 | $333.75 | | $500.63 |
| 12/2/2012 | TC with Dr. P[a]leg, who agrees to testify. She will meet with student. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 12/3/2012 | Prepare brief regarding all witnesses' testimony, per HO's request. | CH | 0.7 | 0.7 | $435.00 | $333.75 | | $233.63 |

| Date of Service | Description | Attorney | Hours Claimed | Hours Allowed | Hourly Rate Claimed | Hourly Rate Allowed | Costs | Total Allowed |
|---|---|---|---|---|---|---|---|---|
| 12/3/2012 | Continue preparing disclosures, complete. 17 documents, 7 witnesses, all except parent to qualify as expert. | CH | 2 | 2 | $435.00 | $333.75 | | $667.50 |
| 12/4/2012 | Rec/rev DCPS disclosures. 7 witnesses, all testifying as to why J does not need to receive triennial evaluations. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 12/4/2012 | File disclosures with OGC, HO, and SHO. | CH | 0.1 | 0.1 | $435.00 | $333.75 | | $33.38 |
| 12/4/2012 | Send disclosures, both DCPS and Pet's to all witnesses. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 12/6/2012 | Research DCPS witnesses, inc. qualifications, as they will testify as to why J does not require evaluations in 6 years. | CH | 0.7 | 0.7 | $435.00 | $333.75 | | $233.63 |
| 12/7/2012 | Prepare opening and closing statements for DPH. | CH | 1 | 1 | $435.00 | $333.75 | | $333.75 |
| 12/7/2012 | Prepare all questions for witnesses and send. | CH | 2.2 | 2.2 | $435.00 | $333.75 | | $734.25 |
| 12/8/2012 | Tconf with Dr. Zeitlin to prepare her for DPH. Agrees to be present in person. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 12/8/2012 | Tconf with Dr. P[a]leg to prepare her to testify as PT expert. She will participate by phone. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 12/9/2012 | Tconf with Tracey Ellis to prepare her for DPH. | CH | 0.5 | 0.5 | $435.00 | $333.75 | | $166.88 |
| 12/10/2012 | Meet with parent and [J] to prepare them for hearing. Many role plays and went over questions for direct and cross in detail. | CH | 2.7 | 2.7 | $435.00 | $333.75 | | $901.13 |
| 12/10/2012 | Meet with Twilah Anthony, advocate to prepare for DPH. Prepare questions with her and go over all her notes from her several meetings with mother and J. | CH | 2.3 | 2.3 | $435.00 | $333.75 | | $767.63 |
| 12/10/2012 | Revise questions for witnessses after talking with each of them. | CH | 1 | 1 | $435.00 | $333.75 | | $333.75 |
| 12/10/2012 | Continue preparing for hearing by revising opening and closing statements. | CH | 0.4 | 0.4 | $435.00 | $333.75 | | $133.50 |
| 12/10/2012 | Final review of file, all documents. | CH | 2 | 2 | $435.00 | $333.75 | | $667.50 |

| Date of Service | Description | Attorney | Hours Claimed | Hours Allowed | Hourly Rate Claimed | Hourly Rate Allowed | Costs | Total Allowed |
|---|---|---|---|---|---|---|---|---|
| 12/11/2012 | Participate in DPH, agree that 2nd issue will be subsumed into 1st issue and that the only relief we are seeking is ind evaluations (8). Petitioner calls 6 witnesses, and DCPS calls 5 witnesses. | CH | 6 | 6 | $435.00 | $333.75 | | $2,002.50 |
| 12/11/2012 | Meet with parent after hearing to debrief. | CH | 0.5 | 0.5 | $435.00 | $333.75 | | $166.88 |
| 12/28/2012 | Rec/rev HOD. Prevailed in every area, ordered 8 independent evaluations. | CH | 0.5 | 0.5 | $435.00 | $333.75 | | $166.88 |
| 1/3/2013 | Rec/rev IEE authorization letter for 8 evaluations. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 1/5/2013 | Research developmental optomotry evaluators to determine who to use. Decide to refer to Dr. Zoller, who will bill DCPS. | CH | 1 | 1 | $435.00 | $333.75 | | $333.75 |
| 1/8/2013 | Confer with Dr. Ginny P[a]leg, PT, to determine if she can perform APE evaluation, as well as PT. Dr. P[a]leg confirms she can do both and will bill DCPS. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 1/14/2013 | Begin research to find independent audiologist who will evaluat[e] and bill DCPS at the rate DCPS will pay. | CH | 1 | 1 | $435.00 | $333.75 | | $333.75 |
| 1/15/2013 | Refer PT and APE evaluation to Dr. P[a]leg. | CH | 0.4 | 0.4 | $435.00 | $333.75 | | $133.50 |
| 1/15/2013 | Online and phone resesarch re. ind evaluations and who is qualified and who will perform them at DCPS rate. Specifically S/L and audiologist. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 1/15/2013 | Refer developmental vision evaluation to Dr. Zoller. | CH | 0.5 | 0.5 | $435.00 | $333.75 | | $166.88 |
| 1/15/2013 | Continue search for audiologist. Dr. Ruth Boyd will do evaluation. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 1/15/2013 | Refer audiological evaluation to Dr. Boyd, including telephone call to discuss case. | CH | 0.5 | 0.5 | $435.00 | $333.75 | | $166.88 |
| 1/15/2013 | Refer speech/language evaluation to Dr. Boyd, who can do both audiological and S/L. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |

| Date of Service | Description | Attorney | Hours Claimed | Hours Allowed | Hourly Rate Claimed | Hourly Rate Allowed | Costs | Total Allowed |
|---|---|---|---|---|---|---|---|---|
| 1/20/2013 | Confer with Dr. P[a]leg who needs more information regarding J's disease, as i[n] what type of Muscular Dystrophy he has, it is important in knowing how to structure recommendations. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 1/20/2013 | Work with Dr. Zoller's office and parent to make arrangements for J to be transported to appointment, as he requires vehicle that can accommodate wheel chair. | CH | 0.8 | 0.8 | $435.00 | $333.75 | | $267.00 |
| 1/20/2013 | Begin investigating OT evaluators to determine who can best evaluate student with MD and who will go to school.  Most evaluators want student to come to office.  This is not possible for this student, as mother does not have car, and he cannot take public transportation. | CH | 0.7 | 0.7 | $435.00 | $333.75 | | $233.63 |
| 1/25/2013 | Continue searching for OT evaluator, conclude to refer to Skills on the Hill. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 1/25/2013 | Many attempts over several days to get medical records from Children's Hospital, as Dr. P[a]leg believes that these records are necessary for her to perform adequate evaluation and report. | CH | 1.5 | 1.5 | $435.00 | $333.75 | | $500.63 |
| 1/30/2013 | Refer OT evaluation to Skills on the Hill. | CH | 0.4 | 0.4 | $435.00 | $333.75 | | $133.50 |
| 2/7/2013 | Rec/rev vision evaluation report from Dr. Zoller, a complete developmental evaluation. | CH | 0.5 | 0.5 | $435.00 | $333.75 | | $166.88 |
| 2/10/2013 | Tconf with Dr. Zoller's office regarding statements in report that require further explanation.  Dr. agrees to clarify her report and resend. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 2/11/2013 | Rec/rev audiological evaluation from Dr. Boyd. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 2/14/2013 | Rec/rev final vision report from Dr. Zoller and notify her that it is complete and acceptable. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |

Lakesia Brighthaupt and J.B.
Brighthaupt, et al. v. DC 13-1294

| Date of Service | Description | Attorney | Hours Claimed | Hours Allowed | Hourly Rate Claimed | Hourly Rate Allowed | Costs | Total Allowed |
|---|---|---|---|---|---|---|---|---|
| 2/15/2013 | Ref comp psych ind evaluation to Dr. Zeitlin, including TC to discuss case. | CH | 0.4 | 0.4 | $435.00 | $333.75 | | $133.50 |
| 2/25/2013 | Rec/rev Speech/Language assessment from Dr. Boyd. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 2/25/2013 | Research assistive technology evaluators. | CH | 1 | 1 | $435.00 | $333.75 | | $333.75 |
| 2/26/2013 | Contact two AT evaluators, both want student to come to office. | CH | 0.4 | 0.4 | $435.00 | $333.75 | | $133.50 |
| 2/27/2013 | Tconf with Conaboy & Asso who will perform evaluation in school. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 3/1/2013 | Refer assistive technology evaluation to Conaboy. | CH | 0.4 | 0.4 | $435.00 | $333.75 | | $133.50 |
| 3/15/2013 | Continued corres with records department at Children's Hosp over several days trying to get medical records for Dr. Paleg.  Finally received information as to where to fax request and faxed request. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 3/15/2013 | Letter to Children's Hosp requesting that medical records be expedited to me, as we need them in order to complete evaluations and determine placement for student. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 4/5/2013 | Rec/rev OT evaluation report for Ms. Masci. | CH | 0.4 | 0.4 | $435.00 | $333.75 | | $133.50 |
| 4/17/2013 | Rec/rev comp psych report from Dr. Zeitlin. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 4/18/2013 | Rec/rev independent PT evaluation report from Dr. P[a]leg. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 4/18/2013 | Rec/rev independent adaptive PE report from Dr. P[a]leg. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 4/18/2013 | Provide 7 independent reports to SEC at Kelly Miller and CCM for HOD. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 4/20/2013 | TC with AT evaluator who needs to help in making sure J is available and in school for evaluation. Confirm with mother. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |

| Date of Service | Description | Attorney | Hours Claimed | Hours Allowed | Hourly Rate Claimed | Hourly Rate Allowed | Costs | Total Allowed |
|---|---|---|---|---|---|---|---|---|
| 5/6/2013 | Rec/rev assistive technology report from Conaboy. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 5/7/2013 | Provide last of 8 reports to DCPS. | CH | 0.1 | 0.1 | $435.00 | $333.75 | | $33.38 |
| 5/7/2013 | Letter to DCPS requesting that they schedule meeting pursuant to HOD. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 5/10/2013 | Tconf with Kristin Conaboy who explains meaning of her report and recommendations to me, so that I can explain to mother and J. Atty unfamiliar with assistive technology evaluations. | CH | 0.5 | 0.5 | $435.00 | $333.75 | | $166.88 |
| 5/15/2013 | Corres with SEC at Kelly Miller regarding our request that DCPS provide us with reviews of ind evaluations prior to meeting, in order to facilitate process. | CH | 0.4 | 0.4 | $435.00 | $333.75 | | $133.50 |
| 5/20/13 | Meet with parent, advocate, and J to begin reviewing all evaluation reports (1st 4 of 8). | CH | 2 | 2 | $435.00 | $333.75 | | $667.50 |
| 5/20/2013 | Corres with SEC at Kelly Miller stating he is not required by law to provide any information prior to meeting and will not do so. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 5/25/2013 | Second meeting with parent, advocate, and J to review next group of 4 independent evaluation reports. | CH | 1.7 | 1.7 | $435.00 | $333.75 | | $567.38 |
| 5/25/2013 | Begin preparing for IEP meeting per HOD. | CH | 1 | 1 | $435.00 | $333.75 | | $333.75 |
| 5/28/2013 | Continue preparing for IEP meeting per HOD. | CH | 0.5 | 0.5 | $435.00 | $333.75 | | $166.88 |
| 5/29/2013 | Meet with parent and advocate prior to IEP meeting for final preparation. | CH | 1 | 1 | $435.00 | $333.75 | | $333.75 |
| 5/29/2013 | Participate, along with parent and advocate in IEP meeting held pursuant to HOD. DCPS had 8 evaluators present to review all 8 independent evaluations. Each one had a written report, but had not provided it before today. | CH | 3.5 | 3.5 | $435.00 | $333.75 | | $1,168.13 |

| Date of Service | Description | Attorney | Hours Claimed | Hours Allowed | Hourly Rate Claimed | Hourly Rate Allowed | Costs | Total Allowed |
|---|---|---|---|---|---|---|---|---|
| 5/30/2013 | Tconf with parent and advocate to debrief after IEP meeting. Determine that we will not accept IEP. Parent will not sign her agreement. Refused to provide OT and PT for student with multiple disabilities. | CH | 0.4 | 0.4 | $435.00 | $333.75 | | $133.50 |
| 6/4/2013 | Rec/rev IEP from SEC at Kelly Miller. | CH | 1 | 1 | $435.00 | $333.75 | | $333.75 |
| 6/4/2013 | Rec/rev eligibility determination worksheets from SEC at Kelly Miller. | CH | 0.6 | 0.6 | $435.00 | $333.75 | | $200.25 |
| 6/12/2013 | Meet with parent after sending IEP and eligibility determination papers to her. Agree that I will write letter to school explaining why we reject. | CH | 0.4 | 0.4 | $435.00 | $333.75 | | $133.50 |
| 6/12/2013 | Prepare letter to SEC at Kelly Miller rejecting IEP, but confirming that parent wants it implemented, she will not sign her agreement. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| | | | | 71.9 | | | | $23,996.63 |

| Date of Service | Description | Attorney | Hours Claimed | Hours Allowed | Hourly Rate Claimed | Hourly Rate Allowed | Costs | Total Allowed |
|---|---|---|---|---|---|---|---|---|
| 1/7/2013 | Rec call from admissions director at Ivymount referring me case. Parents came in concerned that their son was scheduled to graduate from High Road and is not prepared for any transition. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 1/8/2013 | TC with parents regarding M. Want to take whatever legal steps are necessary to prevent a premature exit from sped. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 1/11/2013 | Meet with parents to begin process of preparing legal case. Parents bring documents and take extensive educational history. | CH | 1.5 | 1.5 | $435.00 | $333.75 | | $500.63 |
| 1/11/2013 | Records request to James E. Brown & Asso who was attorney before they downsized and referred clients out. | CH | 0.4 | 0.4 | $435.00 | $333.75 | | $133.50 |
| 1/11/2013 | Records request to pro bono attorneys from Children's Law Center, who clients do not believe are fully understanding their case. CLC attorneys took case from JEBrown. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 1/11/2013 | Send letter signed by parents releasing pro bono attorneys | CH | 0.1 | 0.1 | $435.00 | $333.75 | | $33.38 |
| 1/14/2013 | TC with Miguel Hull with JEB to review case history with him. He also says that he provided most documents to new lawyers, but has everything scanned and will send to me. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 1/14/2013 | Rec 400 pages of documents from JEB fim. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 1/16/2013 | TC with pro bono attorneys regarding records I need. They agree to email me all documents they have. | CH | 0.1 | 0.1 | $435.00 | $333.75 | | $33.38 |
| 1/18/2013 | Received files from pro bono attorney, apears to be many duplicates. Determine I do not need to review JEB files. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |

| Date of Service | Description | Attorney | Hours Claimed | Hours Allowed | Hourly Rate Claimed | Hourly Rate Allowed | Costs | Total Allowed |
|---|---|---|---|---|---|---|---|---|
| 1/18/2013 | Begin reviewing educational files from prior attorneys, more than 300 pages. | CH | 2.5 | 2.5 | $435.00 | $333.75 | | $834.38 |
| 1/20/2013 | Continue reviewing files, taking whatI need, and beginning to draft educational record. | CH | 3 | 3 | $435.00 | $333.75 | | $1,001.25 |
| 1/20/2013 | TC with father regarding case status and discuss when I can file complaint. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 1/21/2013 | Continue reviewing files and developing educational record. | CH | 2 | 2 | $435.00 | $333.75 | | $667.50 |
| 1/23/2013 | Complete file review through 8/30/12, when clients were dismissed by JEB and went to probono attorneys. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 1/25/2013 | Begin reviewing file from Sept 2012 through Jan 2013. Consists mainly of requests to fund ind evaluations, due to disagreement with DCPS evaluations. | CH | 1 | 1 | $435.00 | $333.75 | | $333.75 |
| 2/1/2013 | Continue reviewing documents. Five requests to DCPS to fund evaluations, cannot find one reply from DCPS. | CH | 0.5 | 0.5 | $435.00 | $333.75 | | $166.88 |
| 2/4/2013 | TC with prior attorney confirming that no one from DCPS ever responded to their several requests to fund ind e[v]aluations. | CH | 0.1 | 0.1 | $435.00 | $333.75 | | $33.38 |
| 2/6/2013 | Review in detail the evaluation report that parents obtained independently, a S/L report that is 19 pages long, plus a school observation report to accompany it. Extremely comprehensive. | CH | 1 | 1 | $435.00 | $333.75 | | $333.75 |
| 2/6/2013 | First TC with ind S/L evaluator, who confirms that she has not been paid. I explained to her that I would be filing for funding. Explained that DCPS pays only $807 for S/L evaluation. Her fee is $1900. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |

| Date of Service | Description | Attorney | Hours Claimed | Hours Allowed | Hourly Rate Claimed | Hourly Rate Allowed | Costs | Total Allowed |
|---|---|---|---|---|---|---|---|---|
| 2/6/2013 | Further file review. Determine that ind S/L was sent to DCPS on 10/12/12. Now, 4 months later, it has still not been reviewed. | CH | 0.4 | 0.4 | $435.00 | $333.75 | | $133.50 |
| 2/7/2013 | 2nd meeting with parents, who are insistent that we file to get these evaluations funded as soon as possible, as it is clear that DCPS will not be responding. | CH | 1.5 | 1.5 | $435.00 | $333.75 | | $500.63 |
| 2/8/2013 | Meet with parents to review independent S/L report with them. They have it, but no one had [ever gone] over it with them and discussed the findings. They are now more intent than ever to file complaint for reimbursement for S/L and for funding for the comp psych that has been requested twice with no reply. | CH | 1 | 1 | $435.00 | $333.75 | | $333.75 |
| 2/10/2013 | Begin drafting HR. Determine after speaking with parents that we will file this time only on getting evaluations funded, as first step in trying to stop graduation process, but the graduation is premature at this time. | CH | 1 | 1 | $435.00 | $333.75 | | $333.75 |
| 2/11/2013 | Continue drafting HR, focusing on factual issues. | CH | 1.7 | 1.7 | $435.00 | $333.75 | | $567.38 |
| 2/11/2013 | Meet with parents to review HR, make sure all factual allegations are correct and obtain their approval to file. Discussed several corrections and then can file. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 2/12/2013 | Correct HR, per meeting with parents. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 2/13/2013 | File HR with OGC and SHO. | CH | 0.1 | 0.1 | $435.00 | $333.75 | | $33.38 |
| 2/19/2013 | Rec/rev DCPS response denying all allegations in HR. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 2/26/2013 | Rec offer of settlement from DCPS. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 2/28/2013 | Rec second and "final" offer of settlement from DCPS, this time from the OGC. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |

| Date of Service | Description | Attorney | Hours Claimed | Hours Allowed | Hourly Rate Claimed | Hourly Rate Allowed | Costs | Total Allowed |
|---|---|---|---|---|---|---|---|---|
| 3/1/2013 | Meet with both parents to review DCPS' two proposed S[A]s. Go over pros and cons, parents refuse to give up comp. ed, which is the basis of their complaints. Parents reject both S[A]s. | CH | 0.7 | 0.7 | $435.00 | $333.75 | | $233.63 |
| 3/1/2013 | Corres with OGC rejecting both SAs and providing basis for rejection for each one. | CH | 0.6 | 0.6 | $435.00 | $333.75 | | $200.25 |
| 3/1/2013 | Speak with two psychologists with experience evaluating students with autism. Neither will evaluate for DCPS rates, confirming our position in HR. | CH | 0.5 | 0.5 | $435.00 | $333.75 | | $166.88 |
| 3/4/2013 | Rec/rev DCPS Motion to Dismiss due to failure to state a claim and mootness. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 3/4/2013 | Research case law cited in DCPS Motion and determine it is not relevant to this case. | CH | 0.5 | 0.5 | $435.00 | $333.75 | | $166.88 |
| 3/4/2013 | Tconf with Dr. Zeitlin. Explain situation with student and prior request for funding. She states this is difficult and complex case, cannot do it for DCPS rates. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 3/4/2013 | Tconf with parents regarding Dr. Zeitlin after sending them her CV. Parents agree to refer case to Dr. Zeitlin to evaluate. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 3/5/2013 | Refer ind comp psych evaluation to Dr. Zeitlin. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 3/6/2013 | Begin drafting response to DCPS motion to dismiss. | CH | 1 | 1 | $435.00 | $333.75 | | $333.75 |
| 3/7/2013 | Continue drafting response to motion to dismiss, inc required research. | CH | 1.2 | 1.2 | $435.00 | $333.75 | | $400.50 |
| 3/8/2013 | File Pet's response to DCPS motion to dismiss with OGC and SHO. | CH | 0.1 | 0.1 | $435.00 | $333.75 | | $33.38 |
| 3/10/2013 | Prepare for PHC by reviewing records and law. | CH | 0.7 | 0.7 | $435.00 | $333.75 | | $233.63 |
| 3/11/2013 | Participate in PHC. | CH | 0.8 | 0.8 | $435.00 | $333.75 | | $267.00 |
| 3/12/2013 | Prehearing Order from HO Dietrich | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |

| Date of Service | Description | Attorney | Hours Claimed | Hours Allowed | Hourly Rate Claimed | Hourly Rate Allowed | Costs | Total Allowed |
|---|---|---|---|---|---|---|---|---|
| 3/12/2013 | TC with parents to discuss results of PHC. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 3/13/2013 | Rec/rev Order Denying DCPS Motion to Disimss. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 3/15/2013 | Compile all emails previously sent to DCPS by prior counsel [to] determine that they are complete, per her request and per agreement at the prehearing conference. | CH | 0.5 | 0.5 | $435.00 | $333.75 | | $166.88 |
| 3/15/2013 | Send all emails regarding evaluations to Maya W. per her request and our agreement at PHC. | CH | 0.1 | 0.1 | $435.00 | $333.75 | | $33.38 |
| 3/18/2013 | Rec/rev DCPS' Second Motion to Dismiss. | CH | 0.4 | 0.4 | $435.00 | $333.75 | | $133.50 |
| 3/19/2013 | Rec/rev notice from SHO that HO Dietrich is removed from case and HO Massey is assigned. | CH | 0.1 | 0.1 | $435.00 | $333.75 | | $33.38 |
| 3/20/2013 | Prepare response to DCPS' second motion to dismiss, including more research and consult with colleagues. | CH | 1.2 | 1.2 | $435.00 | $333.75 | | $400.50 |
| 3/21/2013 | Rec/rev Dr. Zeitlin's comprehensive psychological evaluation per HOD. | CH | 0.5 | 0.5 | $435.00 | $333.75 | | $166.88 |
| 3/21/2013 | File response to DCPS' second Motion to Dismiss. | CH | 0.1 | 0.1 | $435.00 | $333.75 | | $33.38 |
| 3/25/2013 | Meet with parents to review Dr. Zeitlin's report. Confirms dx of autism. | CH | 0.5 | 0.5 | $435.00 | $333.75 | | $166.88 |
| 4/1/2013 | Rec/rev invoice from Weinfeld, Inc. for S/L evaluation. | CH | 0.1 | 0.1 | $435.00 | $333.75 | | $33.38 |
| 4/1/2013 | Rec/rev invoice from Dr. Zeitlin for comp psych evaluation. | CH | 0.1 | 0.1 | $435.00 | $333.75 | | $33.38 |
| 4/5/2013 | Rec/rev HO Massey's Order denying DCPS' second Motion to Dismiss | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 4/6/2013 | Begin preparing disclosures, as hearing will be going forward. | CH | 1.5 | 1.5 | $435.00 | $333.75 | | $500.63 |
| 4/7/2013 | Continue preparing disclosures. | CH | 0.5 | 0.5 | $435.00 | $333.75 | | $166.88 |
| 4/8/2013 | File Disclosures with SHO. 26 documents, 7 witnesses, 2 experts. | CH | 0.1 | 0.1 | $435.00 | $333.75 | | $33.38 |
| 4/8/2013 | Rec/rev DCPS disclosures. | CH | 0.5 | 0.5 | $435.00 | $333.75 | | $166.88 |

| Date of Service | Description | Attorney | Hours Claimed | Hours Allowed | Hourly Rate Claimed | Hourly Rate Allowed | Costs | Total Allowed |
|---|---|---|---|---|---|---|---|---|
| 4/9/2013 | TC with Dr. Zeitlin regarding market rates to make sure she has data to back up her statements. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 4/10/2013 | Meet with parents to prepare them for DPH. Parents need to be prepared for extensive cross regarding their requests for add'l funding over superintendent's guidelines. | CH | 2 | 2 | $435.00 | $333.75 | | $667.50 |
| 4/10/2013 | Tconf with S/L evaluator, hearing prep. She may have to def[e]nd her evaluation and discuss her rates. | CH | 0.5 | 0.5 | $435.00 | $333.75 | | $166.88 |
| 4/10/2013 | Tconf with Dr. Zeitlin regarding need for her to possibly defend her evaluation and to discuss market rates from her research. | CH | 0.4 | 0.4 | $435.00 | $333.75 | | $133.50 |
| 4/10/2013 | Prepare for DPH by writing opening and closing statements and all questions for expert witnesses. | CH | 2 | 2 | $435.00 | $333.75 | | $667.50 |
| 4/12/2013 | Prepare for DPH by reviewing all documents, case law regarding market rates for evaluations, esp in DC, where superintendent's guidelines prevail. | CH | 1.7 | 1.7 | $435.00 | $333.75 | | $567.38 |
| 4/13/2013 | Participate in DPH, DCPS comes to hearing stating it will comply with parent's request for additional funding at market rates for evals. Much discussion as to how to proceed. HO determines to issue order. DCPS does not object. | CH | 1.8 | 1.8 | $435.00 | $333.75 | | $600.75 |
| 4/14/2013 | Receive/review HOD. Orders that evaluators be reimbursed at market rates for their evaluations, due to DCPS' failure to respond to requests. | CH | 0.5 | 0.5 | $435.00 | $333.75 | | $166.88 |
| 4/15/2013 | Rec/rev revised HOD to correct error on last page. | CH | 0.1 | 0.1 | $435.00 | $333.75 | | $33.38 |

| Date of Service | Description | Attorney | Hours Claimed | Hours Allowed | Hourly Rate Claimed | Hourly Rate Allowed | Costs | Total Allowed |
|---|---|---|---|---|---|---|---|---|
| 5/1/2013 | Corres, several, with OGC regarding wording of IEE letters for evalutors to submit for funding. | CH | 0.7 | 0.7 | $435.00 | $333.75 | | $233.63 |
| 5/2/2013 | Discussion and continued corres back and forth with OGH regarding wording of IEE authorization per HOD. OGC declines to word authorization to make it easier for evaluators to obtain payment. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 5/2/2013 | Prepare for IEP meeting per HOD by reviewing all documents. | CH | 1 | 1 | $435.00 | $333.75 | | $333.75 |
| 5/2/2013 | Prepare for IEP meeting by conferencing with Dr. Zeitlin and Dr. Spencer, who will speak on behalf of their reports, per HOD. | CH | 1.2 | 1.2 | $435.00 | $333.75 | | $400.50 |
| 5/2/2013 | Meet with parents prior to meeting per HOD to prepare for meeting. | CH | 1 | 1 | $435.00 | $333.75 | | $333.75 |
| 5/3/2013 | Participate in MDT meeting to review the two independent reports, determine new eligibility, if warranted, revise IEP, and determine placement. DCPS team agreed after 4 hours to change disability to Autism and to delay graduation, as a result. DCPS did not revise IEP, but agreed to revise and send to us. We will then determine if a second meeting is necessary. DCPS refused to discuss placement. | CH | 3.5 | 3.5 | $435.00 | $333.75 | | $1,168.13 |
| 5/3/2013 | Meet with parents following meeting. Very pleased that we conviced DCPS to change disability classification and delay graduation as a result. Conce[rn]ed that DCPS still hasn't revised the IEP. | CH | 0.5 | 0.5 | $435.00 | $333.75 | | $166.88 |

| Date of Service | Description | Attorney | Hours Claimed | Hours Allowed | Hourly Rate Claimed | Hourly Rate Allowed | Costs | Total Allowed |
|---|---|---|---|---|---|---|---|---|
| 5/3/2013 | Conf with parents and relatives who attended meeting today regarding actions of LEA representative and intention to file complaint due to her expressed anger over team agreeing to change disability over her wishes and her out of control behavior. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 5/3/2013 | TC with Dr. Zeitlin who wants to write letter regarding LEA's out of control actions. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 5/3/2013 | TC with Dr. Spencer, who states she was appalled at LEA's behavior and would like to write letter in support of a complaint. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 5/3/2013 | Letter to OGC explaining that I will ask evaluators to submit their invoices based on what OGC says will suffice, and that we will come back to OGC if declined. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 5/8/2013 | Correspondence with Ben Persett regarding implementation of HOD.  He assures parents that IEP will be completed and in our hands by 5/10/13. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 5/9/2013 | TC with parents regarding requesting that DCPS change placement to Frost School, as it has a program for students on the Autism spectrum. Agree to try to do this without filing a complaint. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 5/10/2013 | Correspondence with Ben Persett regarding IEP due today.  State that parents will file HR for failure to comply to HOD if we do not get the IEP by Monday. | CH | 0.4 | 0.4 | $435.00 | $333.75 | | $133.50 |

| Date of Service | Description | Attorney | Hours Claimed | Hours Allowed | Hourly Rate Claimed | Hourly Rate Allowed | Costs | Total Allowed |
|---|---|---|---|---|---|---|---|---|
| 5/13/2013 | Rec/rev IEP drafted by HRA.  Disability classification is changed to Autism.  IEP is essentially the same IEP as was developed in October 2012.  Compared both IEPs and only change is the addition of some common core standards.  All goals are the same.  The transition section is a photocopy. | CH | 1.1 | 1.1 | $435.00 | $333.75 | | $367.13 |
| 5/13/2013 | Rec/rev PWN changing to Autism.  Statement regarding parents' agreement that DCPS can amend without a meeting is not correct. | CH | 0.1 | 0.1 | $435.00 | $333.75 | | $33.38 |
| 5/14/2013 | Confer with parents after emailing them the IEP.  Agree that it is not as decided at the meeting or as written in the meeting notes.  Parents wish to proceed with a legal claim. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| | | | | 56.7 | | | | $18,923.63 |

| Date of Service | Description | Attorney | Hours Claimed | Hours Allowed | Hourly Rate Claimed | Hourly Rate Allowed | Costs | Total Allowed |
|---|---|---|---|---|---|---|---|---|
| 11/23/2012 | Initial meeting with mother after speaking with her on the phone about her child and potential legal case. Child is at Sharpe Health, she has severe CP, but receiving no services at Sharpe. Mother is there several times a week and observes. Mother has no evaluation reports and does not believe she has been evaluated in several years. Met her in her home and observed J. Mother wants to proceed with legal claim. | CH | 1.5 | 1.5 | $435.00 | $333.75 | | $500.63 |
| 12/14/2012 | Records requests to Sharpe Health and OSE. | CH | 0.5 | 0.5 | $435.00 | $333.75 | | $166.88 |
| 12/15/2012 | Review records mother gave me, which are progress reports only. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 1/5/2013 | Rec and begin reviewing records from Sharpe Health. 130 pages of service trackers and progress reports and IEPs. Only one evaluation which is a developmental from 2009. | CH | 1.7 | 1.7 | $435.00 | $333.75 | | $567.38 |
| 1/7/2013 | Continue reviewing records and preparing educational history in order to write HR. | CH | 0.5 | 0.5 | $435.00 | $333.75 | | $166.88 |
| 1/10/2013 | Review all service trackers and prepare spreadsheet in order to include information in hearing request and for comp ed purposes. | CH | 2 | 2 | $435.00 | $333.75 | | $667.50 |
| 1/15/2013 | Being drafting HR. | CH | 0.7 | 0.7 | $435.00 | $333.75 | | $233.63 |
| 1/15/2013 | Rev dev report, which is only evaluation in file. | CH | 0.4 | 0.4 | $435.00 | $333.75 | | $133.50 |
| 1/15/2013 | Send Dev report to 4 therapists for their expert opinion as to whether to request evaluations at a hearing. | CH | 0.1 | 0.1 | $435.00 | $333.75 | | $33.38 |
| 1/17/2013 | Continue drafting HR, inc several phone calls with mother to clarify facts. | CH | 2.5 | 2.5 | $435.00 | $333.75 | | $834.38 |

| Date of Service | Description | Attorney | Hours Claimed | Hours Allowed | Hourly Rate Claimed | Hourly Rate Allowed | Costs | Total Allowed |
|---|---|---|---|---|---|---|---|---|
| 1/18/13 | Consult with psych after sending dev report to her to see if someone so low can be further evaluated. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 1/18/2013 | Consult with SL therapist after sending dev report to her to see if someone so low can be further evaluated and that we should ask for additional evaluation, to remain current, at hearing. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 1/18/2013 | Consult with OT therapist after sending dev report to her to see if someone so low can be further evaluated and that we should ask for additional evaluation, to remain current, at hearing. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 1/18/2013 | Consult with physical therapist after sending dev report to her to see if someone so low can be further evaluated and that we should ask for additional evaluation, to remain current, at hearing. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 1/20/2013 | Continue drafting HR, reviewing documents. | CH | 1 | 1 | $435.00 | $333.75 | | $333.75 |
| 1/27/2013 | Meet with mother to review HR and get her approval. Mother corrected some facts and dates. | CH | 0.8 | 0.8 | $435.00 | $333.75 | | $267.00 |
| 1/28/2013 | Revise HR after speaking with mother. | CH | 0.4 | 0.4 | $435.00 | $333.75 | | $133.50 |
| 2/1/2013 | File HR with OGC and SHO. 33 factual allegations. | CH | 0.1 | 0.1 | $435.00 | $333.75 | | $33.38 |
| 2/5/2013 | Rec/rev DCPS response to HR. Denied all allegations, stated J did not require services, as she is too low to benefit. | CH | 0.4 | 0.4 | $435.00 | $333.75 | | $133.50 |
| 2/6/2013 | Rec/rev order on timelines, etc. Calendar all dates and note all instructions. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |

| Date of Service | Description | Attorney | Hours Claimed | Hours Allowed | Hourly Rate Claimed | Hourly Rate Allowed | Costs | Total Allowed |
|---|---|---|---|---|---|---|---|---|
| 2/6/2013 | Share DCPS response with parent so that she will have understanding as to what we will be up against at hearing. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 2/8/2013 | Negotiate RM date and time with DCPS. | CH | 0.4 | 0.4 | $435.00 | $333.75 | | $133.50 |
| 2/10/2013 | Prepare mother for RM. | CH | 0.5 | 0.5 | $435.00 | $333.75 | | $166.88 |
| 2/11/2013 | Participate in RM. Case did not resolve, parties did not agree to shorten timeline. | CH | 0 | 0 | $435.00 | $333.75 | | $0.00 |
| 2/11/2013 | Rec/rev proposed SA from OGC. Does not allow for attorney fees and forces client to give up all comp ed. | CH | 0.4 | 0.4 | $435.00 | $333.75 | | $133.50 |
| 2/13/2013 | Meet with mother to review PSA, explain pros and cons of accepting, and mother determines she will not accept PSA. | CH | 0.6 | 0.6 | $435.00 | $333.75 | | $200.25 |
| 2/13/2013 | Corres with OGC rejecting PSA and explaining reasons for decision. | CH | 0.5 | 0.5 | $435.00 | $333.75 | | $166.88 |
| 2/13/2013 | Many emails back and forth trying to set PHC. | CH | 0.4 | 0.4 | $435.00 | $333.75 | | $133.50 |
| 2/13/2013 | Corres with Mr. Jaffe, copy HO, asking that he not involve HO in corres re attempting to settle case. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 2/13/2013 | Corres from HO asking Mr. Jaffe not to involve her in settlement talks. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 2/13/2013 | Rec/rev order regarding preharing subjects. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 2/14/2013 | Rec second PSA, this time pursuant to 1415(i)(3). | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 2/14/2013 | Letter to HO Dietrich asking that she order Mr. Jaffe to stop involving her in set neg. | CH | 0.4 | 0.4 | $435.00 | $333.75 | | $133.50 |
| 2/14/2013 | Comm with mother regarding 2nd PSA. Mother rejects this, as well. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 2/15/2013 | Respond/counter DCPS PSA. | CH | 0.5 | 0.5 | $435.00 | $333.75 | | $166.88 |
| 2/15/2013 | Rev corres from Mr. Jaffe to HO stating that I am filing frivolous lawsuit. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |

| Date of Service | Description | Attorney | Hours Claimed | Hours Allowed | Hourly Rate Claimed | Hourly Rate Allowed | Costs | Total Allowed |
|---|---|---|---|---|---|---|---|---|
| 2/15/2013 | Corres from HO asking that I file a motino to stop settlement talks from entering record. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 2/15/2013 | Rec/rev stronger letter from HO Dietrich asking Jaffe not to include her in set talks. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 2/15/2013 | Prepare motion to strike set negs from the record, specifically asking Mr. Jaffe to withdraw his offer of set from the HO record. | CH | 0.8 | 0.8 | $435.00 | $333.75 | | $267.00 |
| 2/16/2013 | Begin researching local rules and federal rules regarding set talks and offers of judgment. | CH | 2 | 2 | $435.00 | $333.75 | | $667.50 |
| 2/16/2013 | Consult with colleagues and review case law regarding using courts rules and FRCP as analogy here.  Determine this is how to proceed. | CH | 1 | 1 | $435.00 | $333.75 | | $333.75 |
| 2/17/2013 | Review all emails back and forth with OGC, more than 30, to determine which ones involve settlement discussions, assemble these documents and prepare to include them as exhibits which should be excluded from the record. | CH | 1.2 | 1.2 | $435.00 | $333.75 | | $400.50 |
| 2/17/2013 | Prepare exhibits for filing. | CH | 0.4 | 0.4 | $435.00 | $333.75 | | $133.50 |
| 2/18/2013 | Complete Memo in Support of Motion by continuing research and writing memo. | CH | 2.5 | 2.5 | $435.00 | $333.75 | | $834.38 |
| 2/18/2013 | Finalize memo in support of motion. | CH | 0.4 | 0.4 | $435.00 | $333.75 | | $133.50 |
| 2/19/2013 | File Motion to Prohibit Settlement Negotiations from Entering Record, including all supporting documents. | CH | 0.1 | 0.1 | $435.00 | $333.75 | | $33.38 |
| 2/19/2013 | Rec/rev DCPS' response to Motion to Strike Settlement Negotia[t]ions from the Record. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 2/21/2013 | Prepare for PHC by reviewing all relevant records and notes from my research. | CH | 0.5 | 0.5 | $435.00 | $333.75 | | $166.88 |

| Date of Service | Description | Attorney | Hours Claimed | Hours Allowed | Hourly Rate Claimed | Hourly Rate Allowed | Costs | Total Allowed |
|---|---|---|---|---|---|---|---|---|
| 2/22/2013 | Participate in prehearing conf.  HO reframed issues into 5 separate issues and certified them for DPH. | CH | 1.2 | 1.2 | $435.00 | $333.75 | | $400.50 |
| 2/24/2013 | Rec/rev prehearing order. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 2/24/2013 | Rec/rev Order granting our Motion to strike settlement talks. | CH | 0.4 | 0.4 | $435.00 | $333.75 | | $133.50 |
| 2/28/2013 | Rec/rev DCPS' amended response to HR. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 3/1/2013 | TC with mother to advise her of amended response and explain implications. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 3/1/2013 | Corres with Jaffe requesting that he assist us in getting observers into classroom, as this is part of evaluation, and DCPS policy states it is allowed. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 3/2/2013 | Rec/rev DCPS obs policy report and form required for observers from SEC at Sharpe Health. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 3/2/2013 | Rec notification from OGC Jaffe that observers will not be allowed in classroom to observe J as part of the ind evaluation they are preparing for and for hearing preparation, despite authorization from SEC. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 3/2/2013 | Corres with SEC at Sharpe who states that she must reverse her position to allow observers into classroom, per advice from OGC. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 3/3/2013 | Second request to Mr. Jaffe for help, stating I will file motion if he does not cooperate. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 3/3/2013 | Final corres from Mr. Jaffe.  He will not allow observers to enter Sharpe Health to observe. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 3/3/2013 | Begin drafting motion to allow observers into the classroom prior to hearing. | CH | 1 | 1 | $435.00 | $333.75 | | $333.75 |

| Date of Service | Description | Attorney | Hours Claimed | Hours Allowed | Hourly Rate Claimed | Hourly Rate Allowed | Costs | Total Allowed |
|---|---|---|---|---|---|---|---|---|
| 3/4/2013 | Begin drafting Memo in Support of Motion, inc researching case law and OSEP documents regarding need to fully prepare for hearing by observing student. | CH | 2 | 2 | $435.00 | $333.75 | | $667.50 |
| 3/4/2013 | Continued extensive research from case law, OSEP documents, consu[l]tation with colleagues regarding parent's right to observe student in classroom or parent's advocate's right, inc if it relates to upcoming hearing.  Determine that we have strong motion to submit. | CH | 1.7 | 1.7 | $435.00 | $333.75 | | $567.38 |
| 3/5/2013 | Review all possible exhibits, determine which to use, and assemble them for submission. | CH | 0.5 | 0.5 | $435.00 | $333.75 | | $166.88 |
| 3/6/2013 | Complete memo in support of motion to allow observers into classroom. | CH | 1 | 1 | $435.00 | $333.75 | | $333.75 |
| 3/7/2013 | File motion to Allow Independent Observers into Classroom to Observe, including memo, exhibits, and proposed order. | CH | 0.1 | 0.1 | $435.00 | $333.75 | | $33.38 |
| 3/9/2013 | Rec/rev DCPS response to our Motion. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 3/18/2013 | Rec/rev order on our motion to Allow Observers into the Classroom.  Granted. | CH | 0.4 | 0.4 | $435.00 | $333.75 | | $133.50 |
| 3/18/2013 | Corres with Jaffe as to how to set up observations, following our successful motion.  Agree that I will deal directly with SEC. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 3/18/2013 | TCs with all 4 experts/evaluators regarding [whether] they will be allowed into school to observe and they should do so immediately, before disclosures are due on 3/20. | CH | 0.5 | 0.5 | $435.00 | $333.75 | | $166.88 |
| 3/18/2013 | Corres with Jaffe asking him to provide me with the name of DCPS employee who can bind the agency, so that I can determine who to talk to, per Dietrich's order.  Jaffe refuses. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |

| Date of Service | Description | Attorney | Hours Claimed | Hours Allowed | Hourly Rate Claimed | Hourly Rate Allowed | Costs | Total Allowed |
|---|---|---|---|---|---|---|---|---|
| 3/18/2013 | Receive new observation policy from SEC. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 3/19/2013 | Corres with all our observers, providing them the observation policy and confidentiality agreement and directing them to sign and provide short observation report within 2 days of their obs, per new DCPS policy. | CH | 0.5 | 0.5 | $435.00 | $333.75 | | $166.88 |
| 3/19/2013 | Many emails, back and forth regarding how SEC intends to handle new obs[e]rvation policy and agreement that our obs[e]rvers have to sign prior to entering classroom. | CH | 0.7 | 0.7 | $435.00 | $333.75 | | $233.63 |
| 3/20/2013 | Rec/rev ind PT obser[v]ation report.  Recommends services and comp ed.  Ask her to correct it to just reflect the classroom obs part, as that it what the order states. | CH | 0.4 | 0.4 | $435.00 | $333.75 | | $133.50 |
| 3/23/2013 | Begin reviewing all documents in order to determine what to submit for disclosures and start preparing disclosure letter. | CH | 1.3 | 1.3 | $435.00 | $333.75 | | $433.88 |
| 3/24/2013 | Continue preparing disclosures. | CH | 1.5 | 1.5 | $435.00 | $333.75 | | $500.63 |
| 3/26/2013 | Rec/rev psych obs report. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 3/26/2013 | Rec/rev S/L obs report. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 3/26/2013 | Rec/rev PT corrected obs report. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 3/26/2013 | Rec/rev OT obs report. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 3/26/2013 | Continue preparing disclosures, inc providing thrust of testimony for all expert witnesses. | CH | 4 | 4 | $435.00 | $333.75 | | $1,335.00 |
| 3/27/2013 | File disclosures with OGC and SHO.  29 documents, 4 expert witnesses. | CH | 0.1 | 0.1 | $435.00 | $333.75 | | $33.38 |
| 3/27/2013 | Notice to Jaffe that I did not receive disclosures. | CH | 0.1 | 0.1 | $435.00 | $333.75 | | $33.38 |
| 3/28/2013 | Begin hearing preparation by writing opening statement. | CH | 1.5 | 1.5 | $435.00 | $333.75 | | $500.63 |
| 3/28/2013 | Continue hearing preparaion by starting to prepare questions for all 4 experts. | CH | 2 | 2 | $435.00 | $333.75 | | $667.50 |

| Date of Service | Description | Attorney | Hours Claimed | Hours Allowed | Hourly Rate Claimed | Hourly Rate Allowed | Costs | Total Allowed |
|---|---|---|---|---|---|---|---|---|
| 3/29/2014 | Continue preparing questions for experts and begin working on questions for mother. | CH | 1 | 1 | $435.00 | $333.75 | | $333.75 |
| 3/29/2013 | Send questions to each expert and make plans to prepare them. | CH | 0.1 | 0.1 | $435.00 | $333.75 | | $33.38 |
| 4/1/2013 | Prepare Dr. Zeitlin for DPH. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 4/1/2013 | Prepare Dr. Paleg for DPH. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 4/1/2013 | Prepare Ms. Masci for DPH. | CH | 0.6 | 0.6 | $435.00 | $333.75 | | $200.25 |
| 4/1/2013 | Prepare Ms. Askew for DPH. | CH | 0.4 | 0.4 | $435.00 | $333.75 | | $133.50 |
| 4/1/2013 | Rev prehearing order and determine to not to forward on every issue. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 4/2/2013 | Prepare pleading, notice of withdrawal of issues 3 and 4 in complaint. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 4/2/2013 | File pleading with SHO and OGC. | CH | 0.1 | 0.1 | $435.00 | $333.75 | | $33.38 |
| 4/2/2013 | Meet with mother to prepare her for DPH, reviewed all obs reports and focused heavily on facts of past two years, what she had observed in classroom, and potential cross x. | CH | 2.2 | 2.2 | $435.00 | $333.75 | | $734.25 |
| 4/2/2013 | Final hearing prep, go over all questions and argument and disclosure documents. | CH | 1.5 | 1.5 | $435.00 | $333.75 | | $500.63 |
| 4/3/2013 | Participate in DPH. Hearing started 20 minutes late. OGC needed to print out documents and HO in conference with CHO. Parties agreed to recess for settlement discussion. Parties agreed to settlement terms and returned to hearing room to place settlement on the record in a Consent Order. | CH | 2.3 | 2.3 | $435.00 | $333.75 | | $767.63 |
| 4/4/2013 | Rec/rev Consent order as agreed to at DPH. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |

| Date of Service | Description | Attorney | Hours Claimed | Hours Allowed | Hourly Rate Claimed | Hourly Rate Allowed | Costs | Total Allowed |
|---|---|---|---|---|---|---|---|---|
| 4/5/2013 | Notify PT that she may go ahead and complete her evaluation.  Discuss with her that she spent 2 hours in her observation and that she can write that report up, as she says she actually did a complete evaluation at the time. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 4/5/2013 | Notify OT that she can move forward with a full evaluation. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 4/5/2013 | Notify S/L therapist that she can move forward with a full evaluation. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 4/8/2013 | Rec/rev IEE letter authorizing evaluations per HOD. | CH | 0.1 | 0.1 | $435.00 | $333.75 | | $33.38 |
| 4/11/2013 | Rec/rev revised IEE letter from DCPS. | CH | 0.1 | 0.1 | $435.00 | $333.75 | | $33.38 |
| 4/15/2013 | Rec/rev final PT evaluation report. | CH | 0.5 | 0.5 | $435.00 | $333.75 | | $166.88 |
| 5/31/2013 | Rec/rev ind OT report.  Recommends services and comp ed. | CH | 0.4 | 0.4 | $435.00 | $333.75 | | $133.50 |
| 5/31/2013 | Rec/rev ind S/L report.  Recommends services. | CH | 0.4 | 0.4 | $435.00 | $333.75 | | $133.50 |
| 6/2/2013 | RC with mother, notify her that we have all reports, that we can accept them and send to DCPS.  Agree to meet with her to go over reports. | CH | 0.2 | 0.2 | $435.00 | $333.75 | | $66.75 |
| 6/3/2013 | Send all reports to DCPS per HOD. | CH | 0.1 | 0.1 | $435.00 | $333.75 | | $33.38 |
| 6/4/2013 | Negotiate with CCM regarding recommendation from two evaluators that an AT evaluation be performed.  CCM agrees to issue IEE letter at IEP meeting, if team agrees to evaluation. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| 6/14/2013 | Meet with Ms. Yeager prior to IEP meeting to go over final preparation, inc going over all ind evaluations. | CH | 2 | 2 | $435.00 | $333.75 | | $667.50 |

| Date of Service | Description | Attorney | Hours Claimed | Hours Allowed | Hourly Rate Claimed | Hourly Rate Allowed | Costs | Total Allowed |
|---|---|---|---|---|---|---|---|---|
| 6/14/2013 | Participate in IEP meeting per HOD. DCPS refused to provide any related services, despite recommendations from all ind evaluators. CCM refused to issue IEE letter for assistive technology evaluation, despite my showing her the email where she stated she would do so at the IEP meeting. CCM said she had changed her mind, that DCPS will do the evaluations. | CH | 3.5 | 3.5 | $435.00 | $333.75 | | $1,168.13 |
| 6/18/2013 | Tconf with mother. Agree that we will file new HR based on DCPS' refusal to provide any related services and develop appropriate goals. | CH | 0.3 | 0.3 | $435.00 | $333.75 | | $100.13 |
| | | | | 72.5 | | | | $24,196.88 |
| 3/28/2013 | Copy disclosures for DPH to be used by CH. | | | | | | $24.30 | |
| 3/28/2013 | Copy disclosures for DPH to be used by HO. | | | | | | $24.30 | |
| 3/29/2013 | Copy disclosures for DPH to be used by Dr. Zeitlin. | | | | | | $24.30 | |
| 3/30/2013 | Copy disclosures for DPH to be used by Dr. P[a]leg. | | | | | | $24.30 | |
| 3/31/2013 | Copy disclosures for DPH to be used by Ms. Askew. | | | | | | $24.30 | |
| 4/1/2013 | Copy disclosures for DPH to be used by Ms. Masci. | | | | | | $24.30 | |
| 4/2/2013 | Copy disclosures for DPH to be used by parent. | | | | | | $24.30 | |
| | | | | | | | $170.10 | |